Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of bread similar in all material respects to that the subject of *United States* v. *Nordic Baking & Importing Co., Inc.* (47 C.C.P.A. 78, C.A.D. 733), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 5, 1962

**No. 66668.**—C. H. Powell Co. et al. *v.* United States, protests 61/11984, etc. (Boston).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of military visor insignia, in chief value of lame, similar in all material respects to those the subject of Abstract 63445, the claim of the plaintiffs was sustained.

**No. 66669.**—W. Sarasin, Swiss Ribbons, Ltd., et al. *v.* United States, protests 60/2718, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of nylon pile ribbons similar in all material respects to those the subject of Abstract 65697 and following the principles set forth in *United States* v. *Steinberg Bros.* (47 C.C.P.A. 47, C.A.D. 727), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, APRIL 5, 1962

**No. 66670.**—Norman G. Jensen, Inc., et al. *v.* United States, protests 60/19773, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of decharacterized horsemeat, fresh, chilled, or frozen, similar in all material respects to that the subject of Abstract 66254, the claim of the plaintiffs was sustained.

**No. 66671.**—Union Brokerage Co. *v.* United States, protests 60/19776, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of decharacterized horsemeat, fresh, chilled, or frozen, similar in all material respects to that the subject of Abstract 66254, the claim of the plaintiff was sustained.

No. 66672.—Union Brokerage Co. et al. v. United States, protests 60/26771, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of decharacterized horsemeat, fresh, chilled, or frozen, similar in all material respects to that the subject of Abstract 66254, the claim of the plaintiffs was sustained.

APRIL 3, 1962

No. 66673.—Gyma Laboratories of America v. United States, protest 60/28379. Protest abandoned February 7, 1962. (Not published.) Plaintiff's application for rehearing granted, only with respect to entry No. 466775.

APRIL 3, 1962

No. 66674.—SUIT 5071.—Nord Light, Inc. v. United States.—

—C.D. 2227 reversed December 18, 1961. C.A.D. 786.

No. 66675.—APPEAL 5080.—United States v. The A. W. Fenton Co., Inc.—

—C.D. 2248 reversed December 18, 1961. C.A.D. 785.

BEFORE THE FIRST DIVISION, APRIL 9, 1962

No. 66676.—W. J. Byrnes & Co. and Daniel Bennett et al. v. United States, protests 60/4480, etc. (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of temporarily strung imitation pearls similar in all material respects to those the subject of Abstract 66102, the claim of the plaintiffs was sustained.